UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE C. MCGHEE,

    Plaintiff,

v.

REBECCA VAN BROCKLIN,

    Defendant.
_____/

Hon. Janet T. Neff

Case No. 1:10-cv-00334

## REPORT AND RECOMMENDATION

Plaintiff has initiated the present action against Rebecca Van Brocklin (Dkt. 1). The Court has granted Plaintiff's motion to proceed as a pauper in this matter (Dkt. 4). Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in Plaintiff's favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The Complaint states that the Defendant is a Kalamazoo Public Safety Officer who threatened to tow

Plaintiff's "personal vehicle not registered to the state. . . ." It asserts no facts which, if proven, would entitle Plaintiff to relief under any theory. Accordingly, the undersigned recommends that this action be dismissed.

Respectfully Submitted,

Date: May 4, 2010                           /s/ Ellen S. Carmody
                                            ELLEN S. CARMODY
                                            United States Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).